IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20-cr-00075-MR-WCM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ASA SHAQUILLE HOLLOWAY | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter came before the Court on May 24, 2024 for a hearing on Defendant's *pro se* "Motion to Dismiss Counsel" (the "Motion," Doc. 37). At the conclusion of the hearing, the undersigned issued an oral ruling. This Order memorializes that decision.

I. Relevant Procedural Background

On January 24, 2024, a Petition was filed alleging that Defendant had violated the terms and conditions of his supervised release. Doc. 31.

Defendant made his initial appearance on the Petition on March 1, 2024. During that proceeding, and through duty counsel from the Federal Defender's Office, Defendant moved for the appointment of counsel. His request was granted and, shortly thereafter, Dustin Dow was assignment to represent Defendant.

On March 6, 2024, the Court conducted a preliminary revocation hearing. Probable cause was found as to all violations. Defendant waived his

1

right to an immediate detention hearing and was detained pending further proceedings.

The Motion was docketed on May 20, 2024.

## II. The Proceedings on May 24, 2024

The Government was represented by Special Assistant United States Attorney Annabelle Chambers. Defendant appeared with Mr. Dow.

Without objection by the Government, the Court directed that the courtroom be closed and the record be sealed so that the Court could hear from Defendant and Mr. Dow in a closed proceeding.

Subsequently, the courtroom was reopened and the record was unsealed.[1]

The Government took no position regarding the Motion.

## III. Discussion

In evaluating the status of counsel in this matter, the Court has considered the following factors: 1) the timeliness of the request for new counsel; 2) the reasons given as to why counsel's representation should not continue; and 3) whether the conflict between Defendant and counsel is so great that it has resulted in a total lack of communication preventing an

---

[1] Matters discussed during the sealed portion of the hearing are referenced in this Order only to the extent they do not appear to implicate confidentiality concerns and are necessary for the memorialization of the Court's ruling.

adequate defense. See United States v. Gallop, 838 F.2d 105, 108 (4th Cir. 1988); see also McCracken v. United States, No. 3:21-cv-35-RJC, 2021 WL 5018698, at *7 (W.D.N.C. Oct. 28, 2021) ("The substitution or withdrawal of counsel is discretionary and requires consideration of factors including whether a conflict between the attorney and client amounts to a breakdown in communication so great that it prevents an adequate defense.") (citations omitted).

Having reviewed the Motion and having heard from Defendant and Mr. Dow, the Court is not persuaded that a change of counsel is warranted. Defendant stated that he wished to be represented by new counsel, but the undersigned took Mr. Dow's comments to indicate that he was willing either for his representation of Defendant to be terminated or to continue. Further, while there has been some conflict in the professional relationship between counsel and Defendant, the undersigned believes that those issues can be resolved through additional communication.

**IT IS THEREFORE ORDERED THAT** Defendant's *pro se* "Motion to Dismiss Counsel" (Doc. 37) is **DENIED**.

Signed: May 24, 2024

W. Carleton Metcalf
United States Magistrate Judge